IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


PHONEPHET NGUYEN, )
)
　　　　Plaintiff, )
)
　　v. ) 1:14CV687
)
AMERICAN UNITED LIFE )
INSURANCE COMPANY, doing )
business as ONE AMERICA, )
)
　　　　Defendant. )


**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

　　Plaintiff Phonephet Nguyen ("Plaintiff") filed the present

action in the General Court of Justice, Superior Court Division,

Guilford County, North Carolina, against Defendant American

United Life Insurance Company ("Defendant"). Defendant removed

the action to this court on August 14, 2014, based on both

federal question and diversity jurisdiction.[1] (Pet. for Removal

(Doc. 1).) Presently before this court is Defendant's Motion to

Dismiss (Doc. 8). This court has carefully considered

Defendant's Motion, Defendant's Supporting Brief (Def.'s Br.

---

　　[1] The federal question stems from ERISA preemption and the
parties in the present action are completely diverse. Plaintiff
is a North Carolina resident and Defendant, a corporation, is a
citizen of Indiana. The amount in controversy exceeds the
statutory minimum for diversity. (Pet. for Removal (Doc. 1).)

(Doc. 9)), Plaintiff's Response (Pl.'s Resp. (Doc. 10)), and

Defendant's Reply (Def.'s Reply (Doc. 11)), and concludes that

Plaintiff's Complaint asserts only state law claims which are

preempted by the Employee Retirement Security Act of 1974

("ERISA"). Defendant's motion is now ripe for adjudication, and

for the reasons stated fully below, this court will grant

Defendant's motion in part and grant Plaintiff's request for

leave to amend her complaint.

## I.   <u>BACKGROUND</u>

Plaintiff's mother was employed by Medi Manufacturing, Inc.

("Medi") in Whitsett, North Carolina. (Complaint ("Compl.")

(Doc. 5) ¶ 6.) Medi offered life insurance to its employees

through Defendant as an employee benefit. (<u>Id.</u> ¶ 7.)

Plaintiff's mother purchased this life insurance and premiums

were deducted from Plaintiff's mother's paycheck. (<u>Id.</u> ¶ 8.)

Plaintiff is beneficiary of this policy.[2] (<u>Id.</u> ¶ 9.)  Plaintiff's

mother, as the insured party, was able to apply for a conversion

---

[2] Group policy 612440. (Compl. (Doc. 5) ¶ 10.)

from the group policy to an individual life insurance plan within thirty-one days of termination of employment.[3] (Id.)

Plaintiff's mother's last day of work (her termination of employment) for Employer was October 31, 2013. (Id. ¶ 12.) Defendant received Plaintiff's mother's conversion application on November 27, 2013, within the thirty-one days allowed to apply for conversion. (Id. ¶ 13.) Defendant denied the application based on timeliness stemming from Medi reporting to Defendant a termination date of October 7, 2013. (Id. ¶ 14.) Medi mailed a letter to Defendant on January 14, 2014, in an attempt to correct the error in date of termination. (Id. ¶ 15.) Plaintiff's mother passed away on January 24, 2014. (Id. ¶ 17.) To date, Defendant has not corrected the termination date. Plaintiff filed this action in an effort to force Defendant to correct the application error, effectuate the life insurance policy, and pay the death benefit. (Id. at 3.) Plaintiff alleges Defendant's actions in failing to correct the date on the life

---

[3] Courts are split on whether or not a converted policy is covered by ERISA when the original group policy was covered by ERISA. This court does not need to address this issue, because in the present action, the issue is not a converted policy but the right to covert. "ERISA governs the right of conversion to an individual policy." White v. Provident Life & Acc. Ins. Co., 114 F.3d 26, 28 (4th Cir. 1997).

insurance application constitute breach of contract and unfair and deceptive trade practices.[4] (Id. ¶ 29.)

## II.  **LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible provided the plaintiff provides enough factual content to enable the court to reasonably infer that the defendant is liable for the misconduct alleged.  Id.  The pleading setting forth the claim must be "liberally construed" in the light most favorable to the non-moving party, and allegations made therein are taken as true.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, the "requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to

---

[4] Plaintiff uses the word neglect in her Complaint (Compl. (Doc. 5) ¶ 24). Because under the alleged facts, a negligence claim would be preempted by ERISA, this court will not parse out whether or not Plaintiff intended to state a separate tort claim or simply a contract breach and unfair and deceptive trade practice claim. See e.g., Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987) (holding that common law causes of action based on alleged improper processing of a benefit claim under an employee benefit plan, "relate to" an employee benefit plan and fall under ERISA's preemption clause).

allege any facts [that] set forth a claim." Estate of Williams-Moore v. Alliance One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004).

In ERISA litigation, the law is clear that a state law claim that is completely preempted by ERISA does state a claim upon which relief can be granted.

> [T]he doctrine of complete preemption serves as a corollary to the well-pleaded complaint rule: because the state claims in the complaint are converted into federal claims, the federal claims appear on the face of the complaint. The Supreme Court has determined that ERISA's civil enforcement provision, § 502(a), completely preempts state law claims that come within its scope and converts these state claims into federal claims under § 502. Thus, when a complaint contains state law claims that fit within the scope of ERISA's § 502 civil enforcement provision, those claims are converted into federal claims, and the action can be removed to federal court.

Darcangelo v. Verizon Commc'ns, Inc., 292 F.3d 181, 187 (4th Cir. 2002)(internal citations omitted).

III. **ANALYSIS**

Congress enacted ERISA to provide a uniform federal regulatory regime over employee benefit plans. Aetna Health Inc. v. Davila 542 U.S. 200, 208 (2004). To ensure such uniformity, Congress included an expansive preemption provision within ERISA. Id. Specifically, Congress enacted that ERISA "shall supercede any and all State laws insofar as they may now or

hereafter relate to any employee benefit plan . . . ." 29 U.S.C. ¶ 1144(a). In addition, the United States Supreme Court and the Fourth Circuit have consistently held that common law claims stemming from employee benefit claims are preempted by ERISA.[5]

Under ERISA, a civil action may be brought

(1) by a participant or beneficiary—

    (A) for the relief provided for in subsection (c) of this section, or

    (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132. Plaintiff's claims stem from Defendant's failure to correct her mother's termination date which is integral to a successful life insurance conversion for Plaintiff as her mother's beneficiary. In essence, Plaintiff is suing to recover benefits due under Medi's life insurance plan. Defendant alleges that Medi's life insurance offering is governed by ERISA and Plaintiff does not contest this assertion. (Def.'s Br. (Doc. 9) at 1; Pl.'s Resp. (Doc. 10) at 1.) The record supports the contention that Plaintiff's state law claims are "to recover

---

[5] See, e.g., Pilot Life, 481 U.S. 41 (1987) (state common law breach of contract, fraud, and bad faith claims preempted by ERISA); Powell v. Chesapeake & Potomac Tel. Co., 780 F.2d 419, 422 (4th Cir. 1985) (state law claims based on the maladministration of employee benefits preempted by ERISA).

benefits due to him under the terms of the plan," and are, therefore, completely preempted by ERISA.

The Supreme Court has explicitly stated that:

> [T]he ERISA civil enforcement mechanism is one of those provisions with such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.[6]

Aetna Health, 542 U.S. at 209 (internal quotations and citations omitted). Under the Aetna analysis, this court finds it appropriate to convert Plaintiff's state law claims to federal claims under ERISA. Thus, this court will grant Defendant's Motion to Dismiss (Doc. 8) and dismiss Plaintiff's state law claims because they are preempted by ERISA. However, this court's analysis does not end there.

In Plaintiff's response (Doc. 10) to Defendant's Motion to Dismiss, Plaintiff requests that this court either order or allow an amendment in the pleadings instead of dismissal. Defendant concurs that Plaintiff should be "permitted to explore 'potential redress'" and allowed leave to amend her complaint to

---

[6] "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

state only ERISA causes of action. (Def.'s Reply (Doc. 11) at 2.) This court agrees with Defendant and finds Plaintiff's request appropriate in the present action. The decision to grant a party leave to amend its pleadings rests with the sound discretion of the district court. <u>See</u>, <u>Sandcrest Outpatient Servs. v. Cumberland Cnty. Hosp. Sys.</u>, 853 F.2d 1139, 1148 (4th Cir. 1988).

This court therefore finds that Defendant's motion to dismiss should be granted as Plaintiff's claims as presently alleged are all asserted pursuant to state law which is preempted by ERISA.  This court will stay entry of judgment as to the Complaint for a period of twenty days, during which time Plaintiff may file an amended complaint asserting such claims as may be appropriate under ERISA.  If Plaintiff files an amended complaint, Defendant may file an answer or other responsive pleading as appropriate.  If Plaintiff fails to file an amended complaint, this action will be dismissed.

**IV.   <u>CONCLUSION</u>**

For the reasons set forth herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. 8) is **GRANTED** in that Plaintiff's state law claims are preempted by ERISA and therefore dismissed.

**IT IS FURTHER ORDERED** that entry of judgment on this dismissal is stayed for a period of twenty days from the filing of this Memorandum Opinion and Order to allow Plaintiff to file an amended complaint asserting her allegations as ERISA claims. If no amended complaint is filed within this time frame, judgment will be entered for Defendant.

This the 10th day of February, 2015.

_____
United States District Judge